UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Virginia Simmons

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Len E Ellis Funeral Home

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

11  7311

COMPLAINT

Jury Trial: ☐ Yes  ☒ No

(check one)

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name              Virginia Simmons
           Street Address    6200 Eastwick Ave. Apt. 106
           County, City      Philadelphia
           State & Zip Code  PA   19142
           Telephone Number  215.729.2597

Rev. 10/2009

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name **Len E Ellis Funeral Home**
Street Address **529 Rising Ave**
County, City **Philadelphia**
State & Zip Code **PA 19140**

Defendant No. 2
Name _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 3
Name _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 4
Name _____
Street Address _____
County, City _____
State & Zip Code _____

II. **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
☑ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **Americans with Disabilities Act**

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? **Please see attached.**

B. What date and approximate time did the events giving rise to your claim(s) occur? **Please see attached**

[What happened to you?]

C. Facts: **Please see attached**

[Who did what?]

[Was anyone else involved?]

[Who else saw what happened?]

IV. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _Please see attached_

V. **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _Please see attached._

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _10_ day of _November_, 20_11_.

★ Signature of Plaintiff _Virginia Simmons_
Mailing Address _6200 Eastwick Ave_
_Apt. 106_
_Phila, PA 19142_
Telephone Number _215.729.2597_
Fax Number (if you have one) _____
E-mail Address _Maeginnie@yahoo.com_

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this ____ day of _____, 20____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____
Inmate Number _____



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Virginia Simmons;

    Plaintiff,
    v.        Civil Action No.  **11 7311**
Len E Ellis Funeral Home
    Defendant.    Pro Se

## COMPLAINT

COMES NOW the plaintiff(s), appearing pro se, and for a complaint against the defendant[s] above named, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

## GENERAL ALLEGATIONS

3. I, Virginia Simmons, the plaintiff, am a citizen of the Commonwealth of Pennsylvania, United States of America.

4. Defendants, Len E Ellis Funeral Home, own and at all times pertinent to the complaint have owned a commercial business at 529 Rising Sun Ave, Philadelphia, PA 19140.

5. Plaintiff is an individual with a disability that causes mobility impairment. Virginia Simmons uses a motorized wheelchair for mobility. The Plaintiff patronized the defendant's business in order to pay her last respects to her father and encountered an extremely difficult and humiliating experience due to the businesses lack of an American with Disability's act compliant ramp.

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.

7. The Congressional statutory findings include:

7. The Congressional statutory findings include:

    a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;

    b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. "discrimination against individuals with disabilities ties persists in such critical areas as . . .public accommodations;

    d. "individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural . . .barriers; [and]

    e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section 12101(a).

8. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

    a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101(b).

9. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

10. Nevertheless, Len E Ellis Funeral Home at 529 Rising Sun Avenue, Philadelphia, PA 19140 has not installed an Americans with Disabilities Act Accessible Guidelines compliant ramp which would provide sufficient and lawful access to persons using wheelchairs to enter this establishment.

11. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by

Private Entities." 42 U.S.C. section 12181.

12. Congress included funeral homes as a public accommodation covered by the Act. 42 U.S.C. section 12181.

13. Defendant's business at 529 Rising Sun Avenue, Philadelphia, PA 19140 is a funeral home that serves the public.

14. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C. section 12182(b)(2)(A)(iv).

15. The U.S.. Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including installing an entrance ramp.28 C.F.R.. section 36.304(a) - (c).

16. Other commercial facilities similar to the defendant's have made access modifications, like what I ask here. Defendant could easily make its business accessible but has chosen not to comply with The Americans with Disabilities Act.

17. To assist businesses with complying with the Americans with Disabilities Act, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses. See Section 44 and 190 of the IRS Code. An eligible small business is allowed a tax credit equal to 50% of the amount of the eligible access expenditures between $250 and $10,500 for any tax year. A business that removes architectural barriers e.g., by modifying ramps, grading, entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.

18. Plaintiff wants to enter the defendant's business safely and with dignityby utilizing an American with Disabilities Act Accessibility Guidelines compliant ramp.

## FIRST CLAIM OF RELIEF

19. Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, defendant was to make the commercial facility at 203 South 13th St. Philadelphia, PA 19107 accessible by January 26, 1992. To date, defendant has not.

20. By failing to remove the architectural barrier where such removal is readily achievable, defendant discriminates against plaintiff and other people with disabilities and violates the Americans with Disabilities Act.

Respectfully submitted,

*Virginia Simmons*
Virginia Simmons
6200 Eastwick Avenue
Apartment 106
Philadelphia Pa, 19142
PRO SE

Dated: November 10, 2011